THE WESTERN AND ATLANTIC RAILROAD, plaintiff in error, vs. PETER C. HARRIS, defendant in error.

Where a set of interrogatories was tendered in evidence, and it appeared, from inspection, that the commissioners had taken the answers of the witness as required, that he had sworn to and subscribed to them, that the commissioners had duly attached their names to a proper certificate; that after this the commissioners had permitted the witness to add to his answers, adding a new *jurat* and a new certificate, but it did not affirmatively appear that the addition was at the same time and place, and a part of the same transaction:

*Held*, That the addition was not properly a portion of the return.

Interrogatories. Before Judge HOPKINS. Fulton Superior Court. October Term, 1871.

Peter C. Harris brought case against the Western and Atlantic Railroad for $5,000 damages, alleged to have been sustained by plaintiff by reason of the negligence and carelessness of the defendant in the transportation, as a common carrier, of a blooded stallion by the name of "Brattleboro," from the city of Atlanta to the town of Kingston, along the line of said railroad, by which said stallion was permanently injured.

Upon the trial the depositions of Julius A. Peck, L. Q. Stone, Augustus R. Jones, and Peter C. Harris, taken under one commission, were introduced in evidence for the plaintiff. The commission was executed on the 7th day of April, 1871, in the usual form. Under the jurat, attached to the answers, was the following language, to-wit:

"For further answer to sixth interrogatory, P. C. Harris

The Western and Atlantic Railroad *vs.* Harris.

answers: This horse 'Brattleboro' belongs to that family of world renowned trotting horses, known as the Morgan breed, one of which ('Dexter') was sold to Bonner for $30,000. 'Brattleboro' is, or was remarkable for his speed, action and size; and, as a stallion, ought to command as much as 'Dexter' or any other horse. I am confident that if this horse 'Brattleboro' had not been injured, he could have commanded forty or fifty mares, at $40 each, per season, and the said horse, when injured, was worth not less than $3,000. I would prefer raising from him to any horse living.

(Signed) "PETER C. HARRIS.

"Answered, sworn to and subscribed
before us, 7th April, 1871.
(Signed) "W. F. TURNER, Com'r. [L. S.]
"JOY F. THOMPSON, Com'r. [L. S.]"

After the answers were read the defendant moved to exclude all of the aforesaid addition from the consideration of the jury. The motion was overruled. The jury returned a verdict for the plaintiff for the sum of $3,000 principal, and $402 50 interest.

The defendant moved for a new trial upon the following ground, to-wit:

Because the Court erred in not execluding, on defendant's motion, all that part of the answers of Peter C. Harris, which had been answered after the formal execution of the commission, the signature of all the witnesses and of the commissioners, the commissioners having no power to continue or extend the examination after such formal closing.

The motion was overruled and defendant excepted, and assigns said ruling as error.

L. E. BLECKLEY; HULSEY & TIGNER, for plaintiff in error.

R. ARNOLD; E. N. BROYLES, for defendant. 1. The exception was not taken in writing and notice given: Code, sec.

3835.   2. Objection invalid, if in time: 33 Ga. R., 55; *Ibid*, 122.

McCay, Judge.

This case turns upon but one point.   Was it error in the Court to refuse to rule out the addition made by the commissioners ?   We are not prepared to say that the power of the commissioners is exhausted when they have once examined the witness and affixed their signatures to the certificate. Under proper circumstances they may have a right to set down additional answers.   But in our judgment it must affirmatively appear that the additional answer is taken as part of the original transaction, at the same time and place. The other side has a right to ask, for instance, and know who is present at the taking of the answers, and if the commissioners may, at their pleasure, re-examine the witness it would be easy to evade such questions.   We think this addition formed no legal part of the commissioners' report, because it failed to show that it was taken at the same time and place, and as part of the principal examination.   It is of the utmost importance that every possible guard be thrown around this kind of testimony to avoid imposition, and very rigid rules ought to be held to.   We the more readily grant the new trial in this case, because, although we do not suppose the was any fraud by the commissioners, yet the verdict is a very heavy one under the proof, and it is clear that the interests of the State have not been properly seen to on this trial.   We know this was not the fault of the attorneys *now* representing the State, but it is very apparent that somebody is to blame.

Judgment reversed.